IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JASON DOMINIK TYLER RODRIGUEZ, | ) ) ) |
| Petitioner, | ) ) ) Case No. 23-cv-3835-SMY |
| vs. | ) ) |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Before the Court is Petitioner Jason Dominik Tyler Rodriguez's Motion for Recruitment of Counsel (Doc. 2). Section 2255 proceedings are independent civil suits for which there is no constitutional right to appointment of counsel. *See Pruitt v. Mote*, 503 F.3d 647, 657 (7th Cir. 2007). Thus, the decision of whether to appoint counsel rests in the discretion of the district court, unless the denial of counsel would result in fundamental unfairness impinging on the petitioner's due process rights. W*insett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997); *see* 18 U.S.C. § 3006A. The threshold question is whether the litigant has attempted to obtain counsel or has been effectively precluded from doing so. *Pruitt*, 503 F.3d at 654–55. Once the petitioner has established that his reasonable efforts to obtain counsel were unsuccessful, the court conducts "a two-fold inquiry into both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself." *Id.* at 655.

Rodriguez has not made the threshold showing of an attempt to secure counsel without court intervention. Moreover, this case is not unusually complex nor is there any suggestion in the record that Rodriguez is unable to investigate the case and proceed on the merits *pro se*. Therefore,

the interests of justice do not require the unusual step of appointing counsel at this juncture. Petitioner's motion to appoint counsel is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  June 3, 2024**

**STACI M. YANDLE**
**United States District Judge**